STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL A. HYLTON,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0724** (BOR Appeal No. 2049159)
(Claim No. 2011025588)

**FRONTIER COMMUNICATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael A. Hylton, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Frontier Communication, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 30, 2014, in which the Board affirmed a January 24, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 3, 2012, decision granting Mr. Hylton a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hylton worked for Frontier Communication. On January 21, 2011, he was involved in a motor vehicle accident. Mr. Hylton was treated at Princeton Community Hospital following the accident and complained that he was having trouble seeing out of his right eye. He was diagnosed with a concussion and an injury to his optical nerve. The claims administrator held his injury compensable for a detached retina of the right eye. Following this decision, Mr. Hylton came under the care of Joe Othman, M.D., who found that he was not disabled because of his vision problems. However, Dr. Othman recommended that Mr. Hylton be evaluated by a retina

1

specialist. Brian D. Ellis, M.D., and Antoni A. Allen, M.D., then evaluated Mr. Hylton and determined that his vision problems did not have an identified organic etiology. Ghassan Y. Dagher, M.D., then evaluated Mr. Hylton and found he had no impairment related to the compensable injury. Dr. Dagher determined that his optical nerve was normal and his visual system had objectively recovered from the injury. He noted that Mr. Hylton's complaints of no light perception and blurred vision were scientifically impossible considering there was no afferent pupillary defect in the right eye. Dr. Dagher also found that both optic nerves appeared to be equally healthy and normal. On May 3, 2012, the claims administrator granted Mr. Hylton a 0% permanent partial disability award. Mr. Hylton was then deposed and testified that he was still able to drive and hunt. Dr. Ellis also testified by deposition that there was no optic nerve pathology supporting Mr. Hylton's complaints. R. P. Granacher Jr., M.D., a board-certified psychiatrist and neurologist, evaluated Mr. Hylton and found that he had damage to the occipital-parietal-posterior temporal area of his brain. He believed this damage caused his lack of color recognition and blurred vision. Dr. Granacher found that this condition was related to the compensable injury. He determined that Mr. Hylton had 25% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (5th ed. 2000). In the alternative, Dr. Granacher found that Mr. Hylton had 20% impairment for his cognitive disorder under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (6th ed. 2007). Dr. Dagher then issued a supplemental report stating that he had reviewed Mr. Hylton's records under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), and his opinion that Mr. Hylton had 0% impairment related to his compensable injury had not changed. On January 24, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on June 30, 2014, leading Mr. Hylton to appeal.

The Office of Judges concluded that Mr. Hylton has not suffered any whole person impairment related to the compensable diagnosis covered under this claim. The Office of Judges based this determination on the evaluation of Dr. Dagher because it was the only evaluation in the record that directly addressed the diagnosis held compensable under the claim. It found that a detached retina was the only compensable condition and that Dr. Dagher's evaluation supported the conclusion that Mr. Hylton sustained no impairment related to that diagnosis. The Office of Judges also considered the report of Dr. Granacher, but it determined that he based his impairment rating on non-compensable neuropsychological conditions instead of the compensable injury. It also found that Dr. Granacher's use of the Fifth and Sixth Editions of the American Medical Association's *Guides* was not appropriate. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Hylton has not demonstrated that he is entitled to any permanent partial disability award related to his January 21, 2011, injury. The only compensable condition of the claim is a detached retina of the right eye. The evaluation of Dr. Dagher shows that Mr. Hylton has fully recovered from this condition and had no whole person impairment related to the compensable injury. His opinion is supported by the remainder of the evidence in the record which revealed no organic cause of Mr. Hylton's ongoing complaints. The evaluation of Dr. Granacher was not

supported by the evidence in the record, and the Office of Judges was within its discretion in disregarding his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II